UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

                                   **ORDER**

v.                                     Criminal File No. 99-50 (MJD/JGL)

PETER ALLAN, SR., *also known as*
*Peter Allan George*,

        Defendant.

Jeffrey Paulsen, United States Attorney's Office, Counsel for Plaintiff.

Peter Allan, Sr., pro se.

## I.    INTRODUCTION

This matter comes before the Court on Defendant Peter Allan, Sr.'s Pro Se Petition for Writ of Mandamus [Docket No. 91], Pro Se Motion for Leave to Proceed In Forma Pauperis ("IFP") [Docket No. 92], and Pro Se Motion for Appointment of Counsel [Docket No. 93].

## II.    FACTUAL BACKGROUND

On August 28, 2009, this Court granted the Defendant's motion for revocation of his supervised release. Initially the Court ordered that the

1

Defendant was to serve a 24 month term which was to be served concurrently with the Defendant's indefinite civil confinement at Moose Lake Regional Treatment Center. The Court was later informed that the Moose Lake facility could not be designated as an acceptable facility for a federal prisoner's imprisonment. The Court, in an order dated September 14, 2009, amended its judgment to state that the 24 month sentence would be served "consecutively to an indefinite term of Defendant's civil commitment in the Minnesota Sex Offender Program located in Moose Lake, Minnesota pursuant to 18 U.S.C. § 3584." (September 14, 2009 Order at 2). Defendant now brings a petition for a writ of mandamus to compel federal officials to take the Defendant into federal custody.

III. **DISCUSSION**

An application to proceed IFP will be denied, and the action will be dismissed, if the party seeking IFP status has filed a pleading or petition which is legally frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A submission can be deemed "frivolous" when the submission "lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A court may only "grant a writ of mandamus in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the [respondent] has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." Castillo v. Ridge, 445 F.3d 1057, 1061-61 (8th Cir. 2006). Moreover, "whether a writ of mandamus should issue is largely a matter within the district court's discretion." Id.

In the case at hand, the Defendant has not met the requirements necessary for this Court to grant a writ of mandamus. The language of the Court's order states that the 24 month term of imprisonment is "to be served consecutively to an indefinite term of Defendant's civil commitment in the Minnesota Sex Offender Program." (September 14, 2009 Order at 2). Thus, Defendant's term of federal imprisonment is not scheduled to begin until the Defendant is released from his indefinite state civil commitment. Consequently, Defendant does not have a clear and indisputable right to be taken into federal custody. Moreover, there is no nondiscretionary duty for federal officials to honor, because the revocation sentence is not to begin until the Defendant is released from his indefinite state civil commitment. Thus, the Defendant cannot meet the requirements necessary for this Court to grant a writ of mandamus.

For these reasons, the Court concludes that Defendant's petition for writ of mandamus is legally frivolous. Consequently, Defendant's motion to proceed IFP is denied. Therefore, Defendant's petition for writ of mandamus is also denied, and Defendant's motion for appointment of counsel is denied as moot.

Accordingly, based upon the files and records herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Petition for Writ of Mandamus [Docket No. 91] is **DENIED**.

2. Defendant's Pro Se Motion for Leave to Proceed In Forma Pauperis [Docket No. 92] is **DENIED**.

3. Defendant's Pro Se Motion for Appointment of Counsel [Docket No 93] is **DENIED**.

Date: January 7, 2011

s/Michael J. Davis  
Michael J. Davis  
Chief Judge  
United States District Court