# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                          **MEMORANDUM OF LAW & ORDER**
                            Criminal File No. 99-50 (MJD/TNL)

(1) PETER ALLAN, SR.,

       Defendant.

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Peter Allan, Sr., pro se.

## I.    INTRODUCTION

This matter is before the Court on Petitioner Peter Allan, Sr.'s pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 129] and Petitioner's pro se Motion for Appointment of Counsel [Docket No. 137].

## II.    BACKGROUND

On October 22, 1999, Petitioner Peter Allan, Sr. pled guilty to Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D)(2), and

Distribution of a Controlled Substance with the Intent to Commit a Crime of Violence, in violation of 21 U.S.C. § 841(a)(1) & (b)(7)(A).  In 2000, this Court sentenced Petitioner to 108 months in prison and 3 years of supervised release.  Petitioner did not appeal this sentence.

Petitioner was released from prison in 2007.  While on supervised release, Petitioner was civilly committed by the State of Minnesota after being designated as a "sexually dangerous person" and a "sexual psychotic personality."  ([Docket No. 67] Ex. A, Order for Comittment at 74.)  That determination was based on evidence indicating that Petitioner had engaged in a pattern of drugging and sexually assaulting women.

On July 8, 2009, Petitioner filed a motion to have his supervised release revoked.  [Docket No. 70]  The Court granted Petitioner's motion and ordered that Petitioner's remaining 24-month sentence be served "consecutively to an indefinite term of Defendant's civil commitment." [Docket No. 88]  On June 20, 2012 Petitioner filed a Motion to Set Aside Plea Pursuant to Rule 11 [Docket No. 108] and a Motion to Recuse [Docket No. 109].  On July 31, 2012, both of these motions were denied.  [Docket No. 117]

On May 22, 2014, Allan filed the current pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket No. 129]

### III.  DISCUSSION

    **A.  Standard for Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant can demonstrate that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

3

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B. Petitioner's Stated Grounds for Relief

Petitioner asserts the following grounds for relief. Allan claims that he "was under the influence of the same drug (Ambien) he is accused of giving his victims." ([Docket No. 129] Section 2255 Petition.) He asserts that while taking Ambien he "did many strange things [that he] did not remember." (Id.) Allan further claims that he recently learned about the side effects of Ambien and that such "newly discovered evidence" justifies the withdrawal of his guilty plea. Allan's petition contains a "Ground 2: See attached." However, the only attachment included in the petition is Allan's affidavit which relates to the previously discussed claim.

Petitioner also filed a Reply to the Government's Opposition to his Petition to Vacate. [Docket No. 139] In it, he raised an ineffective assistance of counsel

4

claim, alleging that "his attorneys did not advise him properly by examining the evidence related to the drug Ambien." (Reply ¶ 22.) He further asserted an actual innocence claim, in which he appears to assert an insanity defense. (Id. ¶ 7.)

### C. Timing

A one-year period of limitation shall apply to petitions under 28 U.S.C. § 2255.

The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

None of the four available grounds apply to permit Petitioner's current habeas petition.

1.     **Date on Which the Judgment of Conviction Became Final**

The Amended Criminal Judgment in this case was entered on April 3, 2000.  [Docket No. 61]  Allan did not file an appeal.  His judgment became final on or about April 17, 2000, the date on which the ten-day period for filing a notice of appeal expired.  Fed. R. App. P. 26 (1998); <u>Anjulo-Lopez v. United States</u>, 541 F.3d 814, 816 n.2 (8th Cir. 2008).  Petitioner had one year after his conviction became final to file his § 2255 petition, yet he waited more than fourteen years to do so.

2.     **Date on Which a Government Impediment Was Removed**

Petitioner does not allege any Government impediment to his ability to file his § 2255 petition.  This ground is not applicable.

3.     **Date on Which a Right Was Newly Recognized by the Supreme Court and Made Retroactively Applicable to Cases on Collateral Review**

Petitioner does not assert a basis for his § 2255 petition arising from a right that was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  This ground is not applicable.

4.     **Date on which the Facts Supporting the Claims Presented Could Have Been Discovered Through the Exercise of Due Diligence**

In his affidavit, Petitioner alleges that he only recently discovered the adverse effects of Ambien and that "it is a plausible explanation that I was not in control of my actions with regard to the allegations against me." ([Docket No. 131] Allan Aff. ¶ 35.)  However, Petitioner's claims are discredited by his own allegations that while taking Ambien he engaged in a number of bizarre behaviors such as that he would drive "15 miles to town and go grocery shopping and wake up in the morning with a truck full of groceries."  (Id. ¶ 32.) Petitioner repeatedly admits to using Ambien around the time the crimes were committed.  He further claims that he engaged in "bizarre" behaviors while using Ambien, indicating that he was aware of the alleged adverse effects of this medication as early as 1998, when he chose to stop taking it.  As Petitioner asserts in his Reply, he even "inform[ed] his doctor that he was doing bizarre things and not remembering."  (Reply ¶ 7.)  Therefore, neither Petitioner's usage of Ambien nor his knowledge of the alleged adverse side effects are the result of newly discovered evidence.

Even if Petitioner was unaware of the alleged adverse effects of Ambien in 1999, the assertion that he only learned about them within the last year is

contradicted by the fact that he was present during his mid-2008 civil commitment hearing. According to the Order of Commitment, during the commitment hearing, the State presented an expert witness who testified about the possible adverse effects of Ambien, including many of the symptoms Petitioner claims he suffered. (Order of Commitment at 15-16.) At the very least, Petitioner learned of the alleged adverse effects of Ambien in 2008. However, he still waited six more years to bring his § 2255 Petition, well beyond the one-year limitation imposed on the newly discovered evidence exception.

### 5. Equitable Tolling

Equitable tolling may be available when extraordinary circumstances exist, beyond the petitioner's control, that would justify equitable tolling, and the petitioner has acted with due diligence in pursuing his petition. See Byers v. United States, 561 F.3d 832, 836 (8th Cir. 2009). Petitioner contends that he is entitled to this relief because "(1) he has newly discovered evidence that was not available at the time of the plea" and "(2) he has been incarcerated during the entire time." (Reply ¶ 3.) Allan claims that his incarceration prevented him from learning about the effects of Ambien.

Petitioner's assertions are contradicted by his claims that, at the time he committed the offenses, he was taking Ambien and realized that he was engaging in "bizarre" behaviors, and by the evidence presented at his civil commitment hearing in 2008. Allan waited over fourteen years after his conviction, and more than six years after his civil commitment hearing to file his § 2255 petition. Just as Petitioner failed to show diligence under § 2255(f)(4), he fails to demonstrate that he acted with the requisite due diligence for equitable tolling. Thus, Petitioner is not entitled to relief under the equitable tolling doctrine.

### 6.    Actual Innocence Exception

Habeas petitioners asserting an actual innocence claim will not be automatically time-barred if they file after the one-year limitations period has run. McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). Under this exception "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." Id. at 1931. This is a "demanding" standard which requires that the petitioner present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." Id. at 1936 (citation

9

omitted). This exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." Id. at 1933 (citation omitted). Furthermore, a petitioner's "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." Id. at 1935.

Petitioner asserts that at the time of the crime he was under "an altered mental state" and a "mental defect" as a result of Ambien. (Reply ¶ 7.) This, he argues, "met the criteria of the Federal definition of insanity." (Id.) Petitioner admits that he committed "non-consen[s]ual sex" (id.), but asserts that "it is a plausible explanation that I was not in control of my actions with regard to the allegations against me" (Allan Aff. ¶ 35).

Allan fails to introduce any evidence to substantiate a claim of actual innocence under the McQuiggin standard. Petitioner's affidavit is filled with contradictory and uncorroborated assertions insufficient to satisfy the demanding test for relief on this basis. Allan claims that he learned about the alleged adverse side effects of Ambien less than a year ago when an employee of the Minnesota Sex Offender Program conducted internet research on the drug.

(Reply ¶ 9.)  However, he simultaneously asserts that at the time of the offense he was taking Ambien and remembers informing his doctor "that he was doing bizarre things and not remembering."  (Id. ¶ 7.)  More importantly, Petitioner acknowledges that it is merely a "plausible explanation" that Ambien caused him to not be "in control of [his] actions."  (Allan Aff. ¶ 35.)  These inconsistencies fail to support an actual innocence claim under the McQuiggin standard.

The Supreme Court has stated that in order to support an actual innocence claim petitioners must provide "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Allan's self-serving affidavit and vague hearsay that a Minnesota Sex Offender Program employee found facts about Ambien on the internet are not the kind of "new reliable evidence" the Supreme Court envisioned.  Furthermore, Allan pled guilty and in his Plea Agreement he admitted to "knowingly" drugging the victim "with the intent to commit a crime of violence. . . namely unconsensual sexual conduct." (Plea Agreement ¶ 1.)  See Weeks v. Bowersox, 119 F.3d 1342, 1356 (8th Cir. 1997) (Loken, J., concurring) (discussing

the gravity and finality of a guilty plea).  Petitioner offers no evidence, beyond his own self-serving affidavit, that his guilty plea was involuntary, unknowing, or untruthful.

Finally, Allan's unexplained delay in filing his § 2255 petition weighs against his actual innocence claim.  Despite claiming that, at the time of his plea, he knew that he had taken Ambien, engaged in bizarre behavior, and told his doctor about his suspicion, and notwithstanding the evidence presented at his civil commitment hearing, Petitioner allowed years to pass before filing his motion.  For all of the reasons stated above, Petitioner's claim of actual innocence fails.

### 7. Petitioner's Habeas Petition Is Untimely

Because Allan filed his § 2255 petition more than one year after the latest of the dates listed in § 2255(f) and neither equitable tolling nor the actual innocence exception apply, the petition is untimely and must be dismissed.

### D. Appointment of Counsel

Petitioner claims that he is entitled to counsel for purposes of his § 2255 petition.  However,

> [t]here is no right to counsel on habeas review.  Nevertheless, an indigent pro se litigant who has met his burden of showing his

> complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should
> be appointed counsel where necessary.  The standard for
> appointment of counsel in § 1915(d) cases is whether both petitioner
> and the court would benefit from the assistance of counsel.  Factors
> bearing on this determination include: the factual complexity of the
> issues; the ability of an indigent to investigate the facts; the existence
> of conflicting testimony; the ability of an indigent to present his
> claim; and the complexity of the legal issues.

Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995) (citations omitted).  A district court is mandated to appoint counsel for financially qualified petitioners if it determines that an evidentiary hearing is required to resolve the claims.  Green v. United States, 262 F.3d 715, 716 (8th Cir. 2001).  If an evidentiary is not necessary, the appointment of counsel is left to the court's discretion.  Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).  A habeas petitioner may be appointed counsel "if the interests of justice so require."  Id.; 18 U.S.C. § 3006A(a)(2)(B).

The Court has reviewed Allan's petition and concludes that an evidentiary hearing is not necessary for the Court to resolve Allan's claims.  The Court further concludes that the interest of justice does not require the appointment of counsel.  This case is neither factually nor legally complex, and the Court can resolve Petitioner's claims based on the pre-existing record.  Petitioner's habeas petition and his subsequent response to the Government's opposition brief demonstrate that he has the ability to articulate his claims and file his pleadings.

Petitioner's pro se Motion for Appointment of Counsel in connection with his pending petition under 28 U.S.C. § 2255 is denied.

## IV.   CERTIFICATE OF APPEALABILITY

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Peter Allan, Sr.'s pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 129] is **DENIED**.

2. Petitioner's pro se Motion for Appointment of Counsel [Docket No. 137] is **DENIED**.

3.  The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  October 21, 2014          s/ Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court