UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA

          Plaintiff,

v.

PETER ALLAN SR.

          Petitioner.

**MEMORANDUM OF LAW & ORDER**
Criminal File No. 99-50 (MJD/TNL)

---

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Peter Allan, Sr., pro se.

---

## I.  INTRODUCTION

This matter is before the Court upon Petitioner's Motion to Supplement the Record [Docket No. 149] and Motion for Reconsideration [Docket No. 142] of this Court's Order denying his Petition to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## II.  BACKGROUND

On October 22, 1999, Petitioner Peter Allan, Sr. pled guilty to Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D)(2), and

Distribution of a Controlled Substance with the Intent to Commit a Crime of Violence, in violation of 21 U.S.C. § 841(a)(1) & (b)(7)(A).  In 2000, this Court sentenced Petitioner to 108 months in prison and 3 years of supervised release.

Petitioner was released from prison in 2007.  While on supervised release, Petitioner was civilly committed by the State of Minnesota after a district court found that he had drugged several women with Ambien, a sleep medication, before sexually assaulting them.  ([Docket No. 67] Ex. A, Initial Order for Commitment.)

On May 22, 2014, Allan filed a pro se motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 129]  Petitioner asserted that he "was under the influence of the same drug (Ambien) he is accused of giving his victims," and that "newly discovered evidence" of the side effects of Ambien justified the withdrawal of his guilty plea.  (Id. at 4.)  In his Reply to the Government's Opposition to his Petition to Vacate, Petitioner also raised ineffective assistance of counsel and actual innocence claims, arguing that "his attorneys did not advise him properly by examining the evidence related to the drug Ambien."  [Docket No. 139]

2

In a Memorandum of Law & Order [Docket No. 140] dated October 21, 2014, this Court held that Petitioner's motion was untimely under 28 U.S.C. § 2255(f), which imposes a one-year limitations period on § 2255 motions.  After determining that neither equitable tolling nor actual innocence exceptions applied, the Court dismissed Petitioner's motion and denied a Certificate of Appealablity.

On November 6, 2014, Petitioner filed the instant Motion for Reconsideration.  [Docket No. 142]  Petitioner asserts three grounds in support of his motion.  First, Petitioner maintains that he is actually innocent "as he didn't know what he was doing at the time of the allegations against him."  (Id. at 1.)  Secondly, Petitioner offers new evidence, found on the internet, of "countless victims of Ambien not available to [him] before now."  (Id.)  Finally, Petitioner argues that "his attorneys ill advised him to plead guilty," and provided ineffective assistance by failing to proffer evidence "of people having sex and driving with no memory" while on Ambien.  (Id. at 1-2.)

Petitioner filed his Motion to Supplement the Record on December 11, 2014.  Petitioner requests that the record include excerpts from dozens of Ambien-related case opinions, most dating from approximately 2007 to 2013.

### III.   DISCUSSION

The Local Rules for the District of Minnesota provide that a motion to reconsider can only be filed with the Court's express permission, and then, only "upon a showing of compelling circumstances." L.R. 7.1(g).  Accordingly, the Court will treat the current motion as a request to file a motion for reconsideration.

The Court's decision on a motion for reconsideration rests within its discretion.  <u>Hagerman v. Yukon Energy Corp.</u>, 839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence . . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

<u>Id.</u> at 414 (citation omitted).  "A motion to reconsider should not be employed to relitigate old issues, but to afford an opportunity for relief in extraordinary circumstances."  <u>Arnold v. Cargill Inc.</u>, No. CIV01–2086, 2004 WL 2331814, at *1 (D. Minn. Oct. 13, 2004) (internal quotation marks omitted).

Upon careful consideration of Petitioner's motions, the Court concludes that Petitioner has not demonstrated compelling circumstances warranting reconsideration.

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED** that,

1. Petitioner Peter Allan Sr.'s Request to File a Motion for Reconsideration [Docket No. 142] is **DENIED**; and

2. Petitioner's Motion to Supplement the Record [Docket No. 149] is **DENIED**.

Date: March 23, 2015                             s/ Michael J. Davis
                                                 Michael J. Davis
                                                 Chief Judge
                                                 United States District Court